IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATTWOOD MICHAEL PALLASH, | )<br>) |
| Plaintiff | )<br>) Case No. 1:17-cv-291 (Erie)<br>) |
| vs. | )<br>) |
| | ) SUSAN P. BAXTER |
| DEPARTMENT OF VETERANS<br>AFFAIRS, et al. | ) UNITED STATES DISTRICT JUDGE<br>)<br>) |
| | ) |
| Defendants | ) |

MEMORANDUM OPINION

Plaintiff Attwood Michael Pallash ("Plaintiff") initiated this action by filing a motion for leave to proceed *In Forma Pauperis* and attaching a Complaint to that Motion on October 30, 2017. ECF No. 1. In his Complaint[1], Plaintiff alleges violations under the Federal Tort Claims Act ("FTCA") against Defendants, the Department of Veteran Affairs ("VA"), and Gabriel Holland, M.D., John Gurkliss, M.D., Matthew Meyer, M.D., and Matthew L. Behan M.D. ("Physician Defendants"). ECF Nos. 1 and 4. Presently pending before the Court is Defendants' motion to dismiss pursuant to Rules 12(b)(1), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12. For the reasons discussed below, the Court will grant Defendants' motion to dismiss pursuant to Rule 12(b)(1).

---

[1] In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

1

I.   Statement of Facts/Allegations

Plaintiff contends the individual Defendants[2] administered medical treatments which resulted in a series of "immediate" effects that adversely impacted his physical and mental health. ECF No. 4 ¶ 1. Furthermore, Plaintiff alleges that he was advised to engage in behavior, including discrete masturbation, that contradicted his religious convictions and in so doing caused him severe emotional distress. *Id.* at 4. In recompense for these alleged violations, Plaintiff seeks monetary relief under the FTCA, alleging that the VA, as well as the individual Physician Defendants, while acting within their capacity as agents of the United States government, tortuously "coerced" him into receiving these health care treatments. ECF No. 4 ¶ 1.

II.  Standard of Review

Defendants move to dismiss pursuant to Rule 12(b)(1) challenging this court's subject matter jurisdiction. ECF No. 12 ¶ 1. In *Mortensen v. First Federal Sav. And Loan Assn.*, 549 F.2d 884 (3d Cir. 1977), the Third Circuit emphasized a "crucial distinction . . . between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Id.* at 891. The Third Circuit further elaborated that:

> [t]he factual attack [] differs greatly . . . [b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction [i.e.] its very power to hear the case [and] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

---

[2] The United States is the only proper defendant in an FTCA claim. As 28 U.S.C. § 2679(d)(1) states in relevant part, "[if] the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title . . ., and the United States shall be substituted as the party defendant." *See Martinez v. U.S. Post Office*, 875 F.Supp. 1067, 1073 (D. N.J. 1995).

2

*Id.* Thus, the court need not attach any presumption of truthfulness to the plaintiff's allegations, nor is the court's inquiry precluded by the existence of disputed material facts, when "evaluating for itself the merits of jurisdictional claims" *id*, in response to a factual attack disputing the very existence of its power to preside over a case. *See Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 177 (3d Cir 2000). [3] Furthermore, the court may "consider affidavits, documents, and even limited evidentiary hearings to make the jurisdictional determination." *See Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). In this instance, in response to Defendant's factual attack on the Court's subject matter jurisdiction, the District Court has "weigh[ed] the evidence" necessary, including such evidence as exists outside the pleadings, to "satisfy itself" that it does not possess jurisdiction to preside over the controversy presently before it.

II.  Discussion

The United States, "as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood*, 312 U.S. 584 (1941). Furthermore, "[t]he terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." *Id.* at 586. Congress, through its passage of the FTCA, explicitly waived sovereign immunity, consenting to suits against the Government in personal injury and loss of property cases which result from the negligent or wrongful acts or omissions of Government employees acting within the scope of their office or employment. 28 U.S.C.A. § 1346(b)(1). In construing the FTCA, courts should take care to effectuate its intended remedial purpose, refraining from either expanding or narrowing the Government's waiver of sovereign immunity. *See Indian Towing Co. v. U.S.*, 350 U.S. 61, 69 (1955) ("[W]hen dealing with a statute subjecting the Government to liability . . . this Court must

---

[3] *See also Wetmore v. Rymer*, 169 U.S. 115, 120 (1898) ("[T]he trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they actually exist.")

3

not promote profligacy by careless construction. Neither should it . . . import immunity back into a statute designed to limit it."). The scope of the Government's waiver states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally decided by the agency in writing and sent by certified or registered mail.

28 U.S.C.A. § 2675(a). This requirement is a condition precedent to the plaintiff's ability to prevail in an FTCA suit against the Government. *See Smoke Shop LLC v. U.S.*, 761 F.3d 779, 786 (7th Cir. 2014) ("Section 2675(a)'s exhaustion requirement [may be] . . . characterized as a condition precedent on the plaintiff's ability to prevail."). However, since the statutory language of the FTCA does not explicitly imbue this procedural requirement (termed, "presentment") with jurisdictional significance, the Supreme Court has instructed the lower courts that there is a presumption against according it the significance of a jurisdictional prerequisite. *See Irwin v. Dept. of Veteran's Affairs*, 498 U.S. 89, 95-96 (1990). In creating this presumption, the Court intended to foster clarity by distinguishing between mere "claim processing rules" which are subject to tolling, and fundamental bases for Article III jurisdiction, which cannot be waived. *See Kontrick v. Ryan*, 540 U.S. 443 (2004).[4] Such a distinction is meant to keep procedural hurdles from barring plaintiffs from suit in instances when they have legitimate causes of action and equity requires that the normal statutorily imposed procedural requirements, such as exhaustion, be tolled.

---

[4] "Clarity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules [such as a requirement to exhaust administrative remedies], but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick*, 540 U.S. at 455.

4

However, the Third Circuit has determined that the presumption against according jurisdictional significance to procedural requirements is overcome by the fact the FTCA is the only remedy under which a tort action can be brought against the United States. In *Com. of Pennsylvania, by Sheppard v. National Ass'n of Flood Insurers*, 520 F.2d 11, 24 (3d Cir. 1975), the Circuit stated that since "[t]here is no general statutory jurisdiction over actions against the United States . . . if the conditions by which the United States has consented to be sued are not met, subject matter jurisdiction is lacking." In other words, "[i]f jurisdiction is not established under the [FTCA] through compliance with its requirements, jurisdiction cannot be established at all." *Id.* This sentiment is fleshed out in *White-Squire v. U.S. Postal Service*, 592 F.3d 453 (3d Cir. 2010), in which the Circuit states that the United States "consent to be sued must be unequivocally expressed and the terms of such consent define the court's subject matter jurisdiction." *Id.* at 456. Furthermore, "the conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Id.* at 458. These restrictions are necessary because "creating an exception . . . would constitute a judicial expansion of the waiver of sovereign immunity embodied in the FTCA, something which only Congress can effectuate." *Id.* Therefore, a "plaintiff's failure to exhaust [administrative remedies] deprive[s] the court of jurisdiction to hear [an FTCA] claim." *See Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

In the instant case, Plaintiff has failed to begin, let alone exhaust, the administrative remedy process necessary to confer this Court with subject matter jurisdiction. Consistent with the FTCA, the VA has established an administrative process in which "a claimant must raise his or her complaint first to the District Counsel Office in the region where the incident giving rise to the claim occurred." ECF No.12, Ex. A, Decl. of L. Wolfe ¶ 5. According to the sworn

5

declaration of VA staff attorney Lisa M. Wolfe, electronic records kept by the VA show that Plaintiff never raised a claim with the regional District Counsel's Office. *See* ECF No. 12,Ex. A, Decl. of L. Wolfe ¶¶ 7-8. Plaintiff has presented no evidence to contradict, or call into question, Ms. Wolfe's sworn declaration.[5] Consequently, this controversy is outside the scope of the Government's limited waiver of its sovereign immunity and therefore this Court has no jurisdiction over it. Thus, the Court will grant Defendants Rule 12(b)(1) motion to dismiss due to lack of subject matter jurisdiction.

    A separate order follows.

---

[5] Despite being advised of the opportunity to do so, Plaintiff did not file an opposition brief. *See* ECF No. 14.